## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DEBORAH BOONE,**

**Plaintiff,**

**-vs-**                                                          **Case No.  6:07-cv-1473-Orl-28KRS**

**BASSEM TAHA, UNIVERSAL HYUNDAI,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | **September 13, 2007** |

On September 13, 2007, Plaintiff Deborah Boone filed a complaint against Bassem Taha and Universal Hyundai (Hyundai).  Doc. No. 1.  Boone also filed an application under 28 U.S.C. § 1915 to proceed without the prepayment of fees.  Doc. No. 2.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Boone's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e)

applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## I.    ALLEGATIONS OF THE COMPLAINT.

The complaint, which consists of one paragraph, alleges that Taha and Hyundai harassed Boone at her job concerning a new car. Doc. No. 1 at 2. The defendants "took the new car [and] gave [Boone] back the old one after [one] month [and four] days." *Id.* In doing so, Taha and Hyundai "put [Boone] out of work because of missed payments on [the] old car." Boone further alleged that Taha and Hyundai "are in violation of agreement." *Id.*

## II.    ANALYSIS.

It is unclear what claims cognizable in this Court Boone intends to assert. If her concern is that the defendants breached a contractual agreement they had with her, that cause of action could only be brought in this Court if Boone and the defendants were citizens of different states and the amount in controversy was more that $75,000. 28 U.S.C. § 1332. There are no allegations in the complaint to

suggest that these requirements of diversity jurisdiction exist in the present case. Boone does not specify any federal constitutional or statutory provisions that she believes were violated. Accordingly, it does not appear that this Court could exercise federal question jurisdiction. 28 U.S.C. § 1331.

For the foregoing reasons, the complaint is facially insufficient and should be dismissed. The Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend, if appropriate. *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). Alternatively, of course, Boone may file her complaint in state court.

In the event that Boone elects to file an amended complaint in this Court rather than in state court, she must state what rights under the Constitution, laws, or treaties of the United States have been violated, or allege that she lives in a different state from the state in which each defendant resides and provide the amount in controversy. Boone must also provide facts to support the claimed violations. Boone should clearly describe how each named defendant is involved in the alleged violation of federal or state law or constitutional rights in the body of the amended complaint.

## III.   RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I further recommend that the Court give Boone eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint that sets forth

a cause of action and states the basis of this Court's jurisdiction.  If Boone files an amended complaint, she may also filed a renewed motion to proceed without prepayment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy